IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-02231-PAB-KMT

BAKER HUGHES OILFIELD OPERATIONS, INC.,

    Plaintiff,

v.

MARK BEARD,

    Defendant.

## ORDER

This matter is before the Court on the Unopposed Verified Motion for Entry of Preliminary Injunction [Docket No. 9] filed by plaintiff Baker Hughes Oilfield Operations, Inc. ("Baker Hughes").

Baker Hughes filed this lawsuit on October 8, 2015, alleging that Mr. Beard violated an employee agreement which prohibits the disclosure and unauthorized use of confidential, proprietary, and trade secret information. Docket Nos. 1, 9. In the instant motion, Baker Hughes moves for a preliminary injunction ordering Mr. Beard and all those acting in concert with him not to disclose the aforementioned information, to return any and all confidential information and trade secrets, as well as any other Baker Hughes property in Mr. Beard's possession, and to preserve certain information related to Baker Hughes' complaint. Docket No. 9 at 11. Baker Hughes states that Mr. Beard, subject to certain conditions, does not oppose the relief it requests. *Id*. at 1, ¶ 2.

To obtain a preliminary injunction, a plaintiff must demonstrate four factors by a preponderance of the evidence: "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

It appears that plaintiff submits its motion with the expectation that the Court will be able to grant it without a hearing. However, plaintiff offers no discussion of how it meets the four factors necessary for issuance of a preliminary injunction. Even if it did, the only evidence provided in support of the motion is a copy of the Employee Agreement, Docket No. 9-1, which is insufficient on its own to prove likelihood of success on the merits or any of the other factors.

If the parties agree to the return of certain information that Mr. Beard allegedly took and to the preservation of certain evidence, they may achieve that result without a court order. To the extent that plaintiff wishes to bind defendant or persons acting in concert with him through a court order, plaintiff must comply with Fed. R. Civ. P. 65. Because the motion, on its face, is unsupported, the Court will set the motion for a hearing. Plaintiff may still justify entry of a preliminary injunction without a hearing through appropriate stipulations that satisfy its burden of proof, but would need to do so by supplementing its motion.

For the foregoing reasons, it is

**ORDERED** that the parties shall submit estimations of the length of a preliminary injunction hearing by **5:00 p.m. on Monday, January 25, 2016.**

DATED January 21, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge